UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BENNY WARD,

    Plaintiff,

v.

KELLY WALSH,

    Defendant.

Civil Action No. 17-10982 (CCC)

**MEMORANDUM OPINION**

This matter has come before the Court on a civil rights Complaint filed by *pro se* Plaintiff Benny Ward pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, *see* ECF No. 3, the Court must screen the Complaint to determine whether the case shall be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, for the reasons stated below, the Complaint is dismissed without prejudice.

The Complaint names a single defendant, Kelly Walsh, who is the prosecutor of an ongoing criminal matter against Plaintiff. (ECF No. 1 at 5.) Plaintiff alleges that he is being prosecuted falsely. (*Id.*) The Court construes the Complaint as raising a malicious prosecution claim. To bring a malicious prosecution claim, Plaintiff must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

The Complaint fails to establish the second and third elements of a malicious prosecution claim. First, the proceeding has not ended in Plaintiff's favor because it is still ongoing. Second, the Complaint alleges that Walsh sought, and obtained, a grand jury indictment against Plaintiff. (ECF No. 1 at 5.) "An indictment fair upon its face, and returned by a properly constituted grand jury . . . conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged." *Kaley v. United States*, 134 S. Ct. 1090, 1097 (2014) (internal quotation and citation omitted); *see Goodwin v. Conway*, 836 F.3d 321, 329 (3d Cir. 2016) (holding that a grand jury indictment "constitutes prima facie evidence of probable cause to prosecute" (citation omitted)). Because Plaintiff cannot satisfy the elements of a malicious prosecution claim, this claim is dismissed for failure to state a claim upon which relief may be granted.

The Complaint also asserts that Walsh prevented Plaintiff from obtaining release on bail by causing his bail to be excessive. (ECF No. 1 at 5.) However, Plaintiff does not explain why his bail was excessive; indeed, he does not even provide the Court the exact bail amount that was set in his criminal matter. There are no factual allegations to support a plausible excessive bail claim. *See Johnson v. Passaic Cty.*, No. 13-4363, 2015 WL 2400763, at *4 (D.N.J. May 19, 2015) ("Johnson does not allege facts from which it could be inferred that any bail imposed on him was excessive. It does not allege any facts from which it could be inferred that Da Silva bore any responsibility. Johnson's Eighth Amendment claim must therefore fail.")

Furthermore, some courts have held that prosecutors cannot be held liable for excessive bail because it is the sole province of the judicial authority; that is, judges set the bail, and prosecutors cannot cause excessive bail. *See, e.g., Lutz v. Lavelle*, 809 F. Supp. 323, 327 (M.D. Pa. 1991). Even when courts hold that a prosecutor may be liable for an excessive bail claim, they

require the plaintiff to establish that the prosecutor "help[ed] to shape" or "exercise[d] significant influence" over the bail decision. *Wagenmann v. Adams*, 829 F.2d 196, 212 (1st Cir. 1987). As the Court found above, Plaintiff's factual allegations do not support such a claim. Therefore, Plaintiff's excessive bail claim is dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff alleges that Walsh violated his speedy trial rights. (ECF No. 1 at 8.) To the extent Plaintiff seeks release for this alleged violation, he cannot do so in a civil rights matter. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). To the extent Plaintiff seeks damages for the alleged speedy trial violation, Walsh is immune from such claim. *See United States v. Washington*, 869 F.3d 193, 219 (3d Cir. 2017) ("Prosecutors are ordinarily shielded by absolute immunity for their prosecutorial acts[.]"); *Brennan v. Pennsylvania*, No. 11-0146, 2012 WL 399812, at *1 (W.D. Pa. Jan. 5, 2012) (finding that prosecutors are protected by the doctrine of absolute prosecutorial immunity from speedy trial claims); *Gibbs v. Deckers*, 234 F. Supp. 2d 458, 462 (D. Del. 2002) (same). Accordingly, this claim is dismissed. Having dismissed all claims in the Complaint, the Complaint is dismissed without prejudice.

Date: December 19, 2017

Claire C. Cecchi, U.S.D.J.